IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| SPENCER TRAWICK, JR.,<br>AIS # 330224,<br><br>Plaintiff,<br>v.<br><br>KILBY CORRECTIONAL<br>FACILITY, *et al.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | <br><br><br><br>CASE NO. 2:26-CV-553-WKW<br>[WO] |

**ORDER**

Plaintiff Spencer Trawick, Jr., an inmate proceeding *pro se*, filed a complaint under 42 U.S.C. § 1983. (Doc. # 1.) Plaintiff also filed two applications for leave to proceed *in forma pauperis* (IFP). (Docs. # 2, 3.) By Order dated July 23, 2026, Plaintiff's IFP applications were granted, and Plaintiff was directed to pay an initial partial filing fee of $0.67 by August 13, 2026. (Doc. # 6 ("July 23 Order").) To date, Plaintiff has not paid the $0.67 initial partial filing fee as directed.

Because Plaintiff has failed to comply with the July 23 Order, this case is due to be dismissed without prejudice. A district court "may dismiss a case under its inherent authority, which it possesses as a means of managing its own docket so as to achieve the orderly and expeditious disposition of cases." *McNair v. Johnson*, 143 F.4th 1301, 1306–07 (11th Cir. 2025) (cleaned up), *cert. denied*, --- S. Ct. ----, 2026 WL 1203391 (May 4, 2026). However, the Eleventh Circuit has instructed that before

dismissing an action for a prisoner's failure to pay a court-ordered initial partial filing fee, the district court must take reasonable steps to determine whether the prisoner attempted to comply with the order, such as by authorizing payment by prison officials. *See Wilson v. Sargent*, 313 F.3d 1315, 1320–21 (11th Cir. 2002) (per curiam). Giving Plaintiff a reasonable opportunity to respond to a show-cause order satisfies this requirement. *See id.* at 1321.

Based on the foregoing, it is ORDERED that Plaintiff shall show cause, if there be any, on or before **August 31, 2026**, why this action should not be dismissed without prejudice for his failure to pay the $0.67 initial partial filing fee as directed.

It is Plaintiff's responsibility to submit the appropriate paperwork to the prison account clerk for transmission of funds to the court for payment of the initial partial filing fee. To aid Plaintiff and those persons having custody of Plaintiff in complying with this Order, the Clerk of Court is DIRECTED to furnish a copy of this Order to the inmate account clerk at the facility where Plaintiff is detained. The account clerk is advised that no funds may be taken from Plaintiff's account for payment of the initial partial filing fee without permission of Plaintiff either by his request for the payment or his written agreement to pay the fee.

If funds have been dispersed from Plaintiff's account in the time since his initial partial filing fee was assessed, and the funds are no longer available to him, Plaintiff must arrange for payment of the fee upon receipt of additional funds in his account.

If Plaintiff is unable to pay the initial partial filing fee, he must inform the court and request an extension of time to pay the fee.

Plaintiff is CAUTIONED that his failure to comply with any provision of this Order will, without further notice, result in dismissal for failure to prosecute and comply with an order of the court.

DONE this 17th day of August, 2026.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE