IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| SPENCER TRAWICK, JR.,<br>AIS # 330224,<br><br>Plaintiff,<br><br>v.<br><br>KILBY CORRECTIONAL<br>FACILITY, *et al.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO. 2:26-CV-553-WKW<br>[WO] |

**ORDER**

On September 9, 2026, this action was dismissed without prejudice for Plaintiff Spencer Trawick, Jr.'s failure to prosecute and comply with orders of the court. (Doc. # 8.) For background, by Order dated July 23, 2026, Plaintiff was directed to pay an initial partial filing fee of $0.67 by August 13, 2026. (Doc. # 6.) After the deadline passed without payment of the initial partial filing fee as directed, an Order was issued on August 17, 2026, instructing Plaintiff to show cause by August 31, 2026, for his failure to pay his initial partial filing fee. (Doc. # 7.) The deadline for Plaintiff to show cause passed without any response from Plaintiff or payment of his initial partial filing fee. Accordingly, this case was dismissed, and final judgment was entered on September 9, 2026. (Docs. # 8, 9.) Plaintiff, proceeding *pro se*, since has filed an unsigned, undated letter, which the Clerk of Court received on October 27, 2026. (Doc. # 10.) Plaintiff's letter is construed as a

motion for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure. For the reasons to follow, the construed motion will be denied.

Rule 60(b) of the Federal Rules of Civil Procedure "permits a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances." *Kemp v. United States*, 596 U.S. 528, 533 (2022) (citation and internal quotation marks omitted). These limited circumstances include "fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005); *see also* Fed. R. Civ. P. 60(b) (providing six grounds on which a court may relieve a party from a final judgment).

In his letter, Plaintiff asserts that he has "taken every necessary step [he] need[s] to take on [his] end to get this process further on down the line." (Doc. # 10 at 1.) He requests "an extension," presumably of the deadline to pay his initial partial filing fee, until he is released from prison, which he says will be no later than February 1, 2028. (Doc. # 10 at 1.) In support of his construed motion, Plaintiff attached an inmate withdrawal request form dated September 9, 2026. (Doc. # 10 at 2.) However, that inmate withdrawal form, dated after the deadline for Plaintiff to show cause for his failure to pay the initial partial filing fee, does not explain Plaintiff's nonresponse to the show-cause Order or why he did seek an extension of the deadline prior to the dismissal of this case, or, for that matter, in a timely manner afterward. Plaintiff's construed motion has been carefully considered but fails to establish any basis for relief under Rule 60(b).

Based on the foregoing it is ORDERED that Plaintiff's construed motion (Doc. # 10) is DENIED.[1]

DONE this 5th day of November, 2026.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE

[1] In his complaint, Plaintiff alleged that a violation of his constitutional rights occurred on or about October 24 or 25, 2025. (*See* Doc. # 1 at 2.) The dismissal of this action was without prejudice, and, at this time, there is no impediment barring Plaintiff from refiling this case if he so chooses.